**Maung Win THAUNG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–71660.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Dec. 14, 2005.

Russell L. Marshak, Esq., Thomas H. Chung, Popkin, Shamir & Golan, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., James E. Grimes, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Maung Win Thaung, a citizen and native of Burma, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of the immigration judge's (IJ) denial of his applications for asylum, withholding of removal, relief un-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts    of this circuit except as provided by 9th Cir. R. 36–3.

der the Convention Against Torture and voluntary departure. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

When the BIA affirms without opinion, the IJ's decision becomes the final agency action. *Lopez–Alvarado v. Ashcroft*, 371 F.3d 1111, 1114 (9th Cir.2004). The IJ found Thaung not credible, and, therefore, ineligible for relief under the Immigration and Nationality Act for giving false testimony in order to obtain an immigration benefit. Although credibility findings are entitled to deference, *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003), where, as here, the IJ offers specific reasons for finding the applicant not credible, we "may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (citing *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996)).

The IJ offered four reasons to support his adverse credibility finding: (1) factual contradictions between Thaung's testimony, asylum application, declaration and interview with an Asylum Officer; (2) the particular inconsistency between Thaung's claim to have been a member of the National League of Democracy (NLD) and the fact that his NLD identification card was one of the original cards issued, which were later replaced; (3) the particular inconsistency between Thaung's claim to be a dissident and the apparent ease with which he was able to obtain a passport and exit visa; and (4) the particular inconsistency between Thaung's claim to be a medicine seller and the claim on his Non–Immigrant Visa Application to be a seller of building materials. Upon review of the complete administrative record, none of the grounds relied upon by the IJ supports the adverse credibility finding.

First, the IJ's decision recites a list of apparent contradictions that simply do not find support in the record. The supposed inconsistencies are based on formalistic and unforgiving interpretations of Thaung's statements. For example, it is not inconsistent for Thaung to refer to having bribed passport division officials after having stated that he obtained his passport through a broker who actually did the bribing.

Second, Thaung's production of an NLD membership card, the authenticity of which was verified upon investigation by United States consular officials in Burma, does not support a finding of adverse credibility. To the contrary, it bolsters his claim.

Third, the IJ's finding that Thaung "stated that he was able to come to the United States by getting a passport issued in his name, which was a legal passport," is not supported by the record. In his testimony, Thaung explained that because he could not travel under his legal name, he dropped his Chinese names from his passport application in order to travel undetected.

Finally, the inconsistency between the nature of Thaung's inventory cannot support the adverse credibility finding because it does not "go to the heart of his asylum claim." *Singh v. Ashcroft*, 301 F.3d 1109, 1111–12 (9th Cir.2002) (citation omitted); *see also Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996) ("Minor inconsistencies ... reveal[ing] nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding.")

Because the IJ did not reach the merits of Thaung's applications for asylum and withholding of removal, we remand to the

BIA so that it may consider whether, finding Thaung to be credible and taking his testimony as true, *Knezevic v. Ashcroft*, 367 F.3d 1206, 1209 (9th Cir.2004), he is eligible for asylum or withholding of removal. *INS v. Ventura*, 537 U.S. 12, 15–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Given our resolution of these issues, it is unnecessary to reach any other issue raised by the parties.

**PETITION GRANTED; REMANDED**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.